MEMORANDUM *
George Panoke appeals the district court’s grant of summary judgment in his action against the United States Army Military Police Brigade and Pete Geren, the Secretary of the Department of the Army (“Arm/’). We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo a district court’s grant of summary judgment. Long v. County of L.A., 442 F.3d 1178, 1184 (9th Cir.2006). We affirm.
The district court properly found that the circumstances surrounding the revocation of a security clearance are nonjusticiable. We have previously found that the preclusion of review of security clearance decisions under Department of the Navy v. Egan, 484 U.S. 518, 108 S.Ct. 818, 98 L.Ed.2d 918 (1988), applies equally in *56 the context of a Title VII discrimination action. Brazil v. U.S. Dep’t of Navy, 66 F.3d 193, 196 (9th Cir.1995). The nonjusticiability doctrine precludes review in this case even though review is not precluded by statute. See Baker v. Carr, 369 U.S. 186, 82 S.Ct. 691, 7 L.Ed.2d 663 (1962). A review of the circumstances surrounding a security clearance is tantamount to a review of the security clearance itself. Therefore, the circumstances surrounding the revocation of Panoke’s security clearance must be precluded from review. See Brazil, 66 F.3d at 197.
We affirm the district court’s conclusion that the Army had no obligation to employ Panoke after the 2002 Settlement Agreement. The district court correctly determined that the failure to provide such employment was not in retaliation for Panoke’s prior EEO activities. The record shows that the decision not to extend Panoke’s term position was solely based on the fact that there was no longer a need for the position. The 2002 Settlement Agreement is an unambiguous, fully-integrated statement of the terms of the agreement between the parties. Therefore, any extrinsic evidence indicating the intent of the Army to give Panoke a permanent position is prohibited by the parol evidence rule. Webb v. Nat’l Union Fire Ins. Co., 207 F.3d 579, 581 (9th Cir.2000) (citations omitted). Moreover, the claim that the Army has not fulfilled the agreement is barred, because it has not been administratively exhausted, as required by 29 C.F.R. § 1614.504.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.